UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON S., <br><br> Plaintiff, <br><br> v. <br><br> SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No.: 23cv2203-CAB-MSB <br><br> **ORDER: (1) DISMISSING COMPLAINT WITHOUT PREJUDICE AND (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL [Doc. No. 2]** |

On December 1, 2023, Plaintiff Marlon S., proceeding in pro se, commenced this action against Defendants "Social Security Administration" for "back payment" and "approval of my claim." At the time he filed his Complaint, Plaintiff also filed a Motion for Appointment of Counsel [Doc. No. 2] and a Motion for Leave to Proceed In Forma Pauperis ("IFP") [Doc. No. 3]. The Court granted Marlon S's request to proceed IFP on December 5, 2023 [ECF No. 5].

For the following reasons, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**, and Plaintiff's Motion for Appointment of Counsel is **DENIED**.

1

I. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

The Court must screen every in forma pauperis proceeding brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (noting that "section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim") (citation omitted). Because Marlon S. is appearing pro se, the Court liberally construes Plaintiff's filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Exclusive jurisdiction over Social Security benefits cases arises from 42 U.S.C. § 405(g)[.]"). *Malcolm v. Astrue*, 735 F. Supp. 2d 118, 120 (D. Del. Aug. 25, 2010). With respect to social security appeals, district courts in the Ninth Circuit have outlined the basic requirements for complaints to satisfy the Court's § 1915(e) screening. First, the plaintiff must establish that he has exhausted his administrative remedies pursuant to § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims he became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *See, e.g., Montoya v. Colvin*, Case No. 2:16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016); *Roberta N. v. Kijakazi*, Case No. 21-cv-01504-JLB, 2021 WL 4358178, at *2 (S.D. Cal. Sept. 24, 2021).

Section 405(g) provides, "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain a review of such decision by a civil action commenced within sixty days after the

mailing to him of notice of such decision[.]" 42 U.S.C. § 405(g). To obtain a final Social Security Administration ("SSA") decision, a claimant must complete the process of administrative review. See 20 C.F.R. § 404.900(a) (2017).

First, SSA makes its initial determination as to a claimant's entitlement to benefits, continuing entitlement to benefits, benefit amount, or any other matter, and so notifies the claimant in writing. *Id*. §§ 404.900(a)(1), 404.902, 404.904. An initial determination is binding unless the claimant timely requests reconsideration or the SSA revises the initial determination. *Id*. § 404.905. If a claimant is dissatisfied with the SSA's initial determination, he may request reconsideration. *Id*. § 404.907. Generally, a claimant who is dissatisfied with a reconsidered decision may request a hearing before an administrative law judge ("ALJ"). *Id*. §§ 404.907, 404.930. The ALJ issues a decision based on the preponderance of the evidence in the hearing record. *Id*. § 404.929. A claimant dissatisfied with the hearing decision may request review by the Appeals Council, which may deny or dismiss the request for review, or may grant the request and either issue a decision or remand the case to the ALJ. *Id*. § 404.967. "The Appeals Council's decision, or the decision of the [ALJ] if the request for review is denied, is binding unless [the claimant files] an action in Federal district court, or the decision is revised." *Id*. § 404.981. An action must be filed in federal court within sixty days after the date the claimant receives notice of the Appeals Council's action. *Id*.; *see also* 42 U.S.C. § 405(g).

Here, Plaintiff's complaint fails to satisfy almost all the basic requirements for §405(g) complaints.  Plaintiff has not indicated whether Plaintiff has exhausted administrative remedies, nor even if there has been a final decision on Plaintiff's claim. There is no indication that Plaintiff received a decision by an ALJ regarding Plaintiff's current allegations, timely requested review of the decision by the Appeals Council, and received notice of the Appeals Council's action. Plaintiff merely states that Plaintiff "was on state disability in 2018," Plaintiff's benefits were denied, and Plaintiff is now "waiting for my funds to be approved."  [Doc. No. 1 at 2, 3.] Moreover, the complaint does not

state the nature of Plaintiff's disability nor when Plaintiff claims he became disabled. Rather, Plaintiff states that Plaintiff has a "developmental disability progressive in nature" and has "been unable to work, homeless, and managing my health condition." *Id.* Finally, the complaint does not identify the nature of Plaintiff's disagreement with the determination made by the Social Security Administration nor show how Plaintiff is entitled to relief. Instead, Plaintiff alleges that "payments should have begun January 2019 through December 2023." [Doc. No. 1 at 3.] Accordingly, Plaintiff's complaint fails to state a claim and must be **DISMISSED**.

## II. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests the appointment of counsel to assist Plaintiff with prosecuting this civil action. [Doc. No. 2.] Plaintiff's motion reflects that Plaintiff has not made any effort to obtain legal counsel on Plaintiff's own. *Id*. at 1-3.

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp*., 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). District courts have discretion, however, to appoint counsel for indigent civil litigants. See 28 U.S.C. § 1915(e)(1). A civil plaintiff who seeks appointment of counsel must make a reasonably diligent effort to obtain counsel before a court may exercise its discretion under § 1915(e)(1). *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993). Additionally, court appointment of counsel requires a showing of "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d at 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' " *Id*. Neither of these factors is dispositive and both must be viewed together. *Id*. (citations omitted).

Although Plaintiff has established indigence by successfully obtaining IFP status, appointing counsel to represent Plaintiff would be inappropriate because Plaintiff has failed to demonstrate that Plaintiff made reasonably diligent efforts to obtain counsel. Plaintiff's motion for appointment of counsel indicates that Plaintiff has not contacted

any attorneys. [Doc. No. 2 at 1-3.]  Even if Plaintiff had demonstrated a reasonable effort to obtain counsel, Plaintiff fails to show that exceptional circumstances necessitate the appointment of counsel to represent Plaintiff in this matter. First, Plaintiff has not shown a likelihood of success on the merits, as evidenced by the *sua sponte* dismissal of Plaintiff's claim as set forth above. Second, Plaintiff's motion for appointment of counsel fails to explain how the complexity of the legal issues involved would prevent Plaintiff from articulating Plaintiff's claims pro se. Accordingly, the motion for appointment of counsel is **DENIED**.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**, and Plaintiff's Motion for Appointment of Counsel is **DENIED**. In addition to curing the other pleading deficiencies noted above, if Plaintiff contends that Plaintiff has exhausted Plaintiff's administrative remedies pursuant to § 405(g) and Plaintiff's action was commenced within sixty days after notice of a final decision, Plaintiff must file an Amended Complaint that includes the final decision of the Social Security Administration on or before **March 1, 2024**. Plaintiff's Amended Complaint must be complete by itself without reference to Plaintiff's original pleading. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."). Should Plaintiff fail to file an Amended Complaint within the time provided, the Court will enter a final order dismissing this civil action with prejudice.

**IT IS SO ORDERED**.

Dated: January 26, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge